UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **STEPHANIE VICKNAIR,** )<br>)<br>Plaintiff, )<br>) **Case No.:**<br>v. )<br>) **COMPLAINT**<br>**SOUTHERN CREDIT BUREAU** )<br>**CORPORATION and UNIVERSAL** ) **JURY TRIAL DEMANDED**<br>**RADIOLOGY CONSULTANTS PC.** )<br>)<br>Defendant. ) | |

## Complaint for Damages

Plaintiff Stephanie Vicknair ("Plaintiff") files her Complaint for Damages against the Defendants Southern Credit Bureau Corporation and Universal Radiology Consultants PC ("Defendants") for their willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter "FDCPA"), under Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.* (hereinafter "FBPA"), and under The Unfair and Deceptive Practices Toward the Elderly Act, O.C.G.A. §§ 10-1-850 *et seq.* (hereinafter "UDPTEA").

## Jurisdiction

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This Court has subject matter jurisdiction of claims arising under the FDCPA which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5. Venue is proper in this Court because the acts and transactions occurred in this District, Plaintiff resides in this District, and Defendants regularly seeks to collect from consumers residing in this District and in the Macon Division.

## Parties

6. Plaintiff is a natural person residing in Warner Robins, Georgia, which is located in Houston County, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

7. Plaintiff is a "consumer" as that term is defined by O.G.C.A. § 10-1-392(a)(6).

8. Defendant Southern Credit Bureau Corporation is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Summons and Complaint may be served on Defendant Southern Credit Bureau Corporation by service on its registered agent for service of process in Georgia, John Willingham at 112 Ward Street, Macon, GA, 31204, or wherever they may be found.

10. Defendant Universal Radiology Consultants PC is a medical provider located in Warner Robins Georgia.

11. Summons and Complaint may be served on Defendant Universal Radiology Consultants PC by service on its registered agent for service of process in Georgia, Ali Shaikh at 2929 Watson Blvd, Suite 2, Box 125, Warner Robins, GA, 31093, or wherever they may be found.

12. Defendants directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia and in this judicial district.

13. Defendants use the mails and interstate commerce in the collection of consumer debts regularly.

14. Defendants regularly contacts consumers and attempt to collect debts from consumers residing in this judicial district.

15. Defendant Southern Credit Bureau Corporation's principle purpose is the collection of debts.

## Statutory Scheme

## The Fair Debt Collection Practices Act

16. Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

17. Debt is a big business in America. In the first quarter of 2017, U.S. household debt exceeded 12.73 trillion dollars.[1] This number exceeds the gross domestic product of China.[2] Credit card debt accounted for six percent or 763.8 billion dollars' worth of household debt. By April of 2017, the Federal Reserve reported Americans had the highest credit card debt in history as the number soared past the one trillion-dollar mark.[3]

---

[1] *Household Debt Makes a Comeback in the U.S.*, New York Times (May 2017) accessed on Mar. 4, 2018 at https://www.nytimes.com/2017/05/17/business/dealbook/household-debt-united-states.html

[2] *In Debt We Trust for U.S. Consumers With $12.7 Trillion Burden*, Bloomberg (Aug. 2017) accessed on Mar. 3, 2017 at https://www.bloomberg.com/news/articles/2017-08-10/in-debt-we-trust-for-u-s-consumers-with-12-7-trillion-burden

[3] *Americans Now Have the Highest Credit-card Debt in U.S. History*, Marketwatch (Aug. 2017) accessed on Mar. 4, 2017 at https://www.marketwatch.com/story/us-households-will-soon-have-as-much-debt-as-they-had-in-2008-2017-04-03

## The Georgia Fair Business Practices Act

18. The Georgia legislature enacted the GFBPA "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies."

19. The FDCPA and GFBPA all provide for enforcement of their respective protections and civil liability through consumers acting as private attorneys general.

## The Unfair and Deceptive Practices Toward the Elderly Act

20. The UDPTEA enables elderly and disabled plaintiffs who are otherwise able to recover under the FBPA to recover punitive damages in addition to those remedies ordinarily available under the FBPA. O.C.G.A. § 10-1-850 *et seq*. UDPTEA is not a claim in its own right, but, rather, enhances damages when a violation of the FBPA occurs. *Id.*

## Facts Common to All Counts

21. Sometime prior to January 1, 2018, Plaintiff allegedly incurred a financial obligation ("Debt") with Defendant Universal Radiology Consultants PC.

22. The Debt is alleged to have arisen from one or more transactions.

23. The Debt was primarily for personal, family, or household purposes.

24. Defendant Southern Credit Bureau Corporation regularly engages in the collection of debts.

25. Defendant Southern Credit Bureau Corporation's principle purpose is the collection of debts like the Debt at issue.

26. The Debt was placed with, obtained by, or assigned to Defendant Southern Credit Bureau Corporation for the purpose of collecting or attempting to collect the Debt.

27. The Debt was in default or alleged to be in default at the time it was placed with, obtained by, or assigned to Defendant Southern Credit Bureau Corporation.

28. On, or about, June 24, 2021, Defendant Southern Credit Bureau Corporation filed a lawsuit against Plaintiff in the Magistrate Court of Houston County (Collection Action).

29. Defendant Southern Credit Bureau Corporation used Defendant Universal Radiology Consultants PC as the plaintiff in the Collection Action.

30. At the time the suit was filed, Defendant Universal Radiology Consultants PC had transferred ownership of the alleged account to Defendant Southern Credit Bureau Corporation.

31. The alleged plaintiff in the Collection Action was not accurate.

32. In the alternative, Defendant Southern Credit Bureau Corporation filed suit on behalf of Defendant Universal Radiology Consultants PC.

33. Upon information and belief, Defendant Southern Credit Bureau Corporation is not a law firm.

34. By filing suit for Defendant Universal Radiology Consultants PC, Defendant Southern Credit Bureau Corporation engaged in the unauthorized practice of law.

35. By handling the litigation for Defendant Universal Radiology Consultants PC, Defendant Southern Credit Bureau Corporation engaged in the unauthorized practice of law.

36. The return address for the plaintiff in the Collection Action is P.O. Box 13585, Macon, GA 31208. (Return Address)

37. The return address belongs to "CBA".

38. "CBA" is an alias of Defendant Southern Credit Bureau Corporation.

39. John Willingham registered the PO Box address for the return address.

40. John Willingham is the registered agent for Defendant Southern Credit Bureau Corporation.

41. John Willingham is the owner of the Defendant Southern Credit Bureau Corporation.

42. Defendant Southern Credit Bureau Corporation received the answer to the Collection Action.

43. Defendant Southern Credit Bureau Corporation handled the litigation for the Collection Action.

44. Upon information and belief, Defendant Southern Credit Bureau Corporation retained counsel to sign the complaint in the collection action.

45. The attorney hired by Defendant Southern Credit Bureau Corporation does not provide any meaningful attorney involvement.

46. The attorney hired by Defendant Southern Credit Bureau Corporation was not hired by the Defendant Universal Radiology Consultants PC.

47. Defendant Southern Credit Bureau Corporation gets a percentage of the amount recovered from the collection actions they file.

48. Defendants failed to properly redact Plaintiff's personal and medical information from the records that were attached to the Complaint in the Collection Action.

49. Defendants failed to properly redact the account number in the Collection Action.

50. The amounts Defendants attempted to collect in the Collection Action were not accurate.

51. Plaintiff had to hire counsel to represent her in the Collection Action.

52. Plaintiff suffered embarrassment because of the disclosure of personal information in the Collection Action.

53. Plaintiff suffered mental distress because of the Collection Action.

54. Plaintiff lost time and suffered other actual damages because Defendants' actions.

## Causes of Action

### Count I – Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692 et seq.

55. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

56. The debt identified in the collection action filed by Defendant Southern Credit Bureau Corporation is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

57. Defendant Southern Credit Bureau Corporation is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

58. The collection action is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

59. Defendant Southern Credit Bureau Corporation violated 15 U.S.C. § 1692e by seeking to collect amounts Defendant were not authorized to collect in violation of § 1692e(2)(A).

60. Defendant Southern Credit Bureau Corporation violated 15 U.S.C. § 1692f by seeking to collect amounts Defendant were not authorized to collect in violation of § 1692f(1).

61. Defendant Southern Credit Bureau Corporation violated 15 U.S.C. § 1692d by including, for purposes of harassment, oppression, or abuse. Plaintiffs protected health information in the collection action, which is a public record.

62. Defendant Southern Credit Bureau Corporation violated 15 U.S.C. § 1692e by seeking to collect amounts they were not authorized to collect from Plaintiff in violation of § 1692e(2)(A), by misrepresenting the identity and role of Defendant in the collection action in violation of § 1692e(10), and by implying there is meaningful attorney involvement in the preparation, drafting, and filing of the collection action in violation of § 1692e(10).

63. As result of Defendant Southern Credit Bureau Corporation's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Southern Credit Bureau Corporation.

## Count II – Negligence

64. Defendants had a legal duty to Plaintiff to avoid violations of the FDCPA and Georgia Fair Business Practices Act in addition to all the facts described above.

65. Defendants breached that duty.

66. Defendant Universal Radiology Consultants PC breached their duty to Plaintiff by hiring Defendant Southern Credit Bureau Corporation.

67. Defendant Universal Radiology Consultants PC breached their duty to Plaintiff by transferring Plaintiff's account to Defendant Southern Credit Bureau Corporation.

68. Defendant Universal Radiology Consultants PC breached their duty to Plaintiff by allowing Defendant Southern Credit Bureau Corporation to use Defendant Universal Radiology Consultants PC as the Plaintiff in the Magistrate Court Action.

69. Defendants breach of their duty resulted in injuries to the Plaintiff.

70. Plaintiff suffered the injuries described above.

## Count III – Georgia Fair Business Practices Act
## O.C.G.A. §§ 10-1-390 *et seq.*

71. Plaintiff is a "consumer" as that term is defined by O.C.G.A. § 10-1-393(a)(6).

72. A "consumer transaction" occurred, as that term is defined by O.C.G.A. § 10-1-393(a)(10), when Plaintiff received services from Universal Radiology Consultants PC.

73. The collection of debt related to consumer transactions is also considered a "consumer transaction," as that term is defined by O.C.G.A. § 10-1-393(a)(10). *1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

74. Plaintiff's counsel mailed an ante litem notice to Defendant Southern Credit Bureau Corporation by certified mail in compliance with O.C.G.A. § 10-1-393(a) on April 1, 2022.

75. Plaintiff's counsel mailed an ante litem notice to Defendant Universal Radiology Consultants PC by certified mail in compliance with O.C.G.A. § 10-1-393(a) on June 5, 2022.

76. Defendants violated O.C.G.A. § 10-1-393.8 by engaging in the acts described above.

77. Defendants' violation of the FPBA was done intentionally and willfully, was not the result of error, and was not in conformity with any law, regulation, consent order, or other promulgation of rules.

78. Plaintiff is entitled to the trebling of any actual and statutory damages she sustained as a result of the Defendants' intentional and/or willful violations of

the FBPA pursuant to O.C.G.A. § 10-1-399(c) and, reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) from Defendant.

## Count IV – Unfair or Deceptive Practices

## O.C.G.A. §§ 10-1-850 *et seq.*

79. Plaintiff is a "disabled person" as that term is defined by O.C.G.A. § 10-1-850(1).

80. Defendants were given notice of Plaintiff's disability prior to June 13, 2018

81. Defendants activated O.C.G.A. § 10-1-853 by committing the acts described above.

82. Plaintiff is entitled to recover, pursuant to the UDPTEA exemplary damages from Defendants including (without limitation) punitive damages for Defendants' violations of the FBPA.

## Demand for a Jury Trial

83. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays that this Court:

a) Find that Defendant Southern Credit Bureau Corporation's behavior violates the FDCPA;

b) Find that Defendants intentionally violated the FBPA;

c) Find that Defendants' behavior calls for application of the UDPTEA;

d) Enter judgment in favor of Plaintiff and against Defendant Southern Credit Bureau Corporation for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by § 1692k(a) of the FDCPA;

e) Enter judgment in favor of Plaintiff and against Defendants for general damages, costs, and reasonable attorneys' fees as provided by §§ 10-1-399(a) and (d) of the FBPA;

f) Enter judgment in favor of Plaintiff and against Defendants for treble damages as provided by § 10-1-399(c).

g) Enter judgment in favor of Plaintiff and against Defendants for punitive damages as provided by § 10-1-853 of the UDPTEA;

h) Enter judgment in favor of Plaintiff and against Defendants for interest in accordance with § 51-12-14(a) of the Unliquidated Damages Interest Act;

i) Enter judgment in favor of Plaintiff in an amount to offset any tax liability incurred by Plaintiff as a result of acting as a private attorney general and enforcing the FDCPA; and,

j) Grant such other and further relief as the Court may deem just, necessary or appropriate.

Submitted July 23, 2022.

                                              /s/ Clifford Carlson
                                              Clifford Carlson
                                              Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com